**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Conor Soraghan

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOR SORAGHAN individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DRAEGER, INC.,<br><br>                    Defendant. | Case No.: **'20 CV 0130 WQH AHG**<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1.  CALIFORNIA'S CUSTOMER RECORDS ACT, CAL. CIV. CODE §§ 1798.80, ET SEQ.;<br>2.  CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.;<br>3.  NEGLIGENCE; AND<br>4.  BREACH OF IMPLIED CONTRACT<br><br>JURY TRIAL DEMANDED |

//
//
//
//
//
//
//
//

# INTRODUCTION

1.  Plaintiff CONOR SORAGHAN, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this Class Action Complaint to challenge the actions of Defendant DRAEGER, INC. ("Defendant" or "Draeger") and alleges the following based on personal knowledge, the investigation of counsel, and information and belief.

2.  Defendant's current and former employees' most sensitive, non-public personal identifying information ("PII"), including Plaintiff and similarly situated persons' names, addresses, Form W-2 data, Social Security numbers, dates of birth, and 2015 compensation information, was compiled and negligently released by Defendant in response to a "phishing scam" and is now in the possession of unknown third parties who are believed to have posted Plaintiff and similarly situated persons PII on the dark web to be used for illegal purposes.

3.  Defendant owed a legal duty of care to Plaintiff and similarly situated employees who work or worked for Draeger to maintain, protect, and safeguard their personal identifying information and tax information. However, Defendant breached this duty by negligently compiling and releasing Plaintiff and similarly situated employees' information to unauthorized third parties.

4.  As a result of Defendant's failure to protect Plaintiff and the Class members' PII and private tax information, Plaintiff and similarly situated employees' personal identifying information and private tax information were compromised, permanently placing Plaintiff and similarly situated employees at an increased risk of identity theft, fraud, and causing direct financial expenses associated with credit monitoring, credit freezing, replacement of compromised credit, debt, or bank cards, deprivation of the use and enjoyment of their credit, and other measures needed to protect against the misuse of their personal information.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

5.   Defendant knew or should have known that such a security and data breach was possible and should have implemented and maintained adequate security procedures and practices to protect Plaintiff and other current and former employees' personal identifying information, including their Social Security numbers and tax information.

6.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.   Unless otherwise alleged, any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named herein.

## JURISDICTION AND VENUE

10.   Jurisdiction of this Court arises pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(2).

11.   This action arises out of Defendant's violations of California's Customer Records Act, Cal. Civ. Code §§ 1798.80, et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; Negligence; and Breach of Implied Contract.

12.   Because Defendant does business within the State of California, personal jurisdiction is established.

13.   Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

15.   Plaintiff is a resident of the State of California who is a former employee of Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

16. Defendant is an international company based in Lübeck, Germany with more than 13,000 employees worldwide and is present in over 190 countries around the globe; and Defendant claims to be a leader in the fields of medical and IT safety technology. In the United States, Defendant is incorporated under the laws of the State of Pennsylvania, with a principal place of business or headquarters located at 3135 Quarry Road, Telford, PA 18969.

### FACTUAL ALLEGATIONS

17. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as if fully set forth herein..

18. Plaintiff commenced employment with Defendant Draeger, Inc. ("Defendant") on or about April 2015. During the course of being employed with Defendant, Plaintiff was required to provide Defendant with personal information, including Plaintiff's full name, social security number, date of birth, address, phone number, and other sensitive personal information to Defendant. In providing such data to Defendant, Plaintiff entrusted Defendant with his personal information and relied on Defendant to consistently implement and maintain reasonable security measures to safeguard his personal information.

19. On or about January 19, 2016, some unknown person called Defendant requesting the information of current United States employees of Draeger.

20. The following day, on or about January 20, 2016, Defendant sent a spreadsheet, or similar document or file, containing Plaintiff and other Draeger employees' Form W-2 information, including but not limited to personal identifying information ("PII"), full names, addresses, Social Security numbers, dates of birth, and 2015 compensation information, to an unknown and unauthorized person in response to a "phishing scam."

21. According to reports, Defendant's employee received a call from someone who claimed to be a Draeger executive on January 19, 2016; and on January 20,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

2016, this unknown and unauthorized person was provided a spreadsheet with the information of Plaintiff and other U.S. employees of Draeger.

22.   Approximately nine (9) days later, on or about January 29, 2016, Plaintiff and other Draeger employees received an email notice from Defendant stating that Defendant had experienced a security breach, informing Plaintiff and other employees that their personal information had been released to an unknown and unauthorized person in response to a "phishing scam."

23.   Cybercriminals were able to perpetrate a breach of this depth and scope because Draeger failed to implement and maintain reasonable and adequate security measures to safeguard Plaintiff and other employees' personal information from access and disclosure to unauthorized third parties. Draeger has obligations by statute and otherwise to protect its employees' employment and personnel records from unauthorized access, yet failed to prevent, detect, end or limit the scope of the breach.  Defendant failed to maintain basic security measures such as access controls, passwords, and data encryption, that would have ensured that Plaintiff and other employees' data would be harder to access or steal and, in the event such data was accessed or stolen, it would have been unreadable and thus would cause less damage to Plaintiff and other employees and their families.

24.   Defendant knew, or should have known, that it was foreseeable and Defendant was susceptible to such a data breach as various companies, including banks and hospitals, have been involved in similar phishing scams and data breaches in general.

25.   Following the breach, Defendant focused on its own remediation efforts rather than protecting its employees' sensitive personal information or minimizing the harm to its employees and their families.  Indeed, Draeger delayed announcing or confirming the data breach and left its employees in the dark about the scope of the breach, how they and their families were impacted, and what steps

Draeger would take to remedy or mitigate the breach. Due to Draeger's delay, current and former employees could have immediately purchased identity protection services and insurance and taken other measures to protect their compromised PII, yet Plaintiff and other employees remained vulnerable to identity theft, medical identity theft, tax fraud, and financial theft because their Social Security numbers, financial information and personal identifying information has been, and may still be, made publicly available to anyone with an internet connection. Defendant's conduct is a direct cause of the ongoing harm Plaintiff and similarly situated employees have suffered, are currently suffering, and will continue to experience for the indefinite future.

26.   As a result of Defendant's negligent and inadequate security practices and slow response to the breach, Draeger's current and former employees and their family members are subject to a heightened and concrete risk of identity theft due to the exposure of their financial, tax and other personal identifying information. Further, Plaintiff and other similarly situated employees have spent and will have to continue to spend substantial time and money securing their personal information and accounts and protecting their identities as a result of Defendant's breach.

27.   An identity thief uses another person's personal and financial information, such as the person's name, address, and other information, without permission, to commit fraud or other crimes. Identity thieves may commit various types of crimes, from obtaining a driver's license or identification card in the victim's name, using the victim's information to obtain government benefits, filing a fraudulent tax return using the victim's information to obtain a refund.  Identity thieves may also obtain medical services using the victim's stolen data or commit any number of other frauds, such as opening new financial accounts, incurring charges in the victim's name, taking out loans in the victim's name, or incurring unconsented charges on the victim's existing accounts. Also, an

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

identity thief may obtain a job or procure housing using the victim's personal information, or even falsely give the victim's information during an arrest.

28. Plaintiffs brings this action on behalf of himself and other Draeger employees whose PII has been compromised as a result of the data breach. Plaintiff and other class members, as well as their family members, will have to remain vigilant for the rest of their lives to combat potential identity theft arising from the staggering amount of financial, tax, and other personal information that is not only in the hands of cyber criminals, but that has also been posted on the internet for anyone to gather and use for any purpose, at any time, in perpetuity. Despite all best efforts of Plaintiff, class members, or anyone else, this most sensitive personal data can never be made private again.

29. Draeger failed to adequately safeguard its employees' PII, including Social Security numbers, Form W-2 data, and financial information, in compliance with applicable law. Plaintiff seeks injunctive relief requiring Draeger to implement and maintain security practices to comply with regulations designed to prevent and remedy these types of breaches, as well as restitution, damages, and other relief.

## CLASS ALLEGATIONS

43. Plaintiff brings this case as a Class Action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and all others similarly situated.

44. Plaintiff represents, and is a member of, the following class (the "Class") defined as:

> All current and former Draeger employees, who reside or who have resided in California, whose personal identifying information was transmitted by Draeger to an unauthorized third party as a result of the security breach on or around January 20, 2016.

44. Plaintiff represents, and is a member of, the Class because Plaintiff was an employee of Draeger's whose personal information was transmitted by Draeger to an unauthorized third party on or around January 20, 2016.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

45. Defendant, its employees and agents are excluded from the Class.

46. Plaintiff does not know the number of members in the Class, but believes the number of Class members to be 40 or more individuals, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

47. Common questions of fact and law exist as to Plaintiff and the Class and predominate over any questions affecting solely individual members of the Class, pursuant to Rule 23(b)(3). Among the questions of fact and law that predominate over any individual issues are:

a) Whether Defendant failed to exercise reasonable care to protect Plaintiff and the Class' Form W-2 information, full names, Social Security numbers, dates of birth, PII, private financial and tax information;

b) Whether Defendant timely, accurately, and adequately informed Plaintiff and the Class that their private information and Social Security numbers had been compromised;

c) Whether Defendant's conduct with respect to the data breach was unfair, unlawful, and/or deceptive;

d) Whether Defendant owed a legal duty to Plaintiff and the Class members to protect their personal information and whether Defendant breached this duty;

e) Whether Defendant was negligent;

f) Whether Plaintiff and the Class are at an increased risk of identity theft as a result of Defendant's breach and failure to safeguard Plaintiff and the Class members' personal information; and

g) Whether Plaintiff and the Class are entitled to the relief sought herein, including injunctive relief.

48. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the Class members sustained damages arising out of Defendant's wrongful conduct

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

and/or omissions as alleged herein. Specifically, Plaintiff and the Class' claims arise from Defendant's failure to install and maintain reasonable security measures to protect Plaintiff and the Class members' PII, Form W-2 tax information, Social Security numbers, and other private personal information; and Defendant failed to timely notify Plaintiff and the Class after the security breach occurred.

49. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation. Plaintiff has no interest antagonistic or in conflict with those in the Class and is therefore an adequate representative for the Class.

50. A Class Action is a superior method for the fair and efficient adjudication of this controversy because the joinder of all members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein.

### CAUSES OF ACTION

### COUNT I
#### VIOLATION OF CALIFORNIA'S CUSTOMER RECORDS ACT
#### CAL. CIV. CODE §§ 1798.80, ET SEQ.

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as if fully set forth herein..

56. "[T]o ensure that personal information about California residents is protected," the California legislature enacted Cal. Civ. Code § 1798.81.5 which requires that any business that "owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

57. Defendant is a "business: within the meaning of Cal. Civ. Code § 1798.80(a).

58. Plaintiff and each member of the Class is an "individual" as defined by Cal. Civ. Code § 1798.80(d).

59. The employee information disclosed by Defendant in the breach was "personal information" as defined by Cal. Civ. Code sections 1798.80(e) and 1798.91.5(d), which includes "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, Social Security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information."

60. The unauthorized release and disclosure of Plaintiff and the Class members' personal information constituted a "breach of the security system" of Defendant.

61. Defendant unreasonably delayed informing Plaintiff and the Class members about the data breach after Defendant knew or should have known that the breach of security had occurred.

62. Defendant failed to disclose to Plaintiff and the Class, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal information when Defendant knew or had reason to believe that such information had been compromised.

63. As a result of Defendant's violation of Cal. Civ. Code § 1798.82, Plaintiff and the Class members incurred damages relating to time and expenses spent for credit monitoring, credit freezing, and other identity theft protection services.

64. Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including but not limited to: (a) damages suffered by Plaintiff and the Class; and (b) equitable relief.

### COUNT II
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as if fully set forth herein.

66. California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant engaged in unlawful, unfair, and fraudulent business practices in violation of the UCL. Therefore, Defendant has violated Cal. Bu. & Prof. Code §§ 17200, et seq.

67. Defendant's acts, omissions, and conduct constitute unlawful, unfair, and fraudulent business practices under the UCL.

68. Defendant's acts, omissions, and conduct were unlawful because they violated the California Customer Records Act, Cal. Civ. Code §§ 1798.80, et seq.

69. Defendant's practices were unlawful and in violation of Cal. Civ. Code § 1798.81.5(b) because Defendant failed to take reasonable measures to protect Plaintiff and other current and former employees' personal information, including their tax information, financial information, social security numbers, and other private and sensitive data.

70. Defendant's practices were also unlawful and in violation of Cal. Civ. Code § 1898.82 because Defendant unreasonably delayed informing Plaintiff and the Class about the breach of security after Defendant knew or had reason to know that the data breach had occurred.

71. Defendant's acts, omissions, and conduct constitute violations of the unlawful prong of the UCL because Defendant filed to comport with a reasonable

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

standard of care and public policy as reflected in statutes like the Information Practices Act of 1977 and the California Customer Records Act, which were enacted by the California Legislature to protect individuals' personal information and ensure that entities that solicit or are entrusted with personal information implement and utilize reasonable security measures to safeguard their personal information.

72. In unduly delaying notice of the breach to Plaintiff and the Class, Defendant engaged in unfair business practices by engaging in conduct that undermines or violates the stated policies underlying the California Customer Records Act and other privacy statutes. In enacting the California Customer Records Act, the Legislature stated that "[i]dentity theft is costly to the marketplace and to consumers" and that "victims of identity theft must act quickly to minimize the damages; therefore expeditious notification of possible misuse of a person's personal information is imperative." 2002 Cal. Legis. Serve. CH. 1054 (A.B. 700) (West).

73. Defendant's conduct also undermines California public policy as reflected in other statutes such as the Information Practices Act of 1977, which was enacted to protect individuals' data and ensure that entities who solicit consumers' information or are entrusted with personal information use reasonable security measures to safeguard such data.

74. Defendant's acts and omissions  also constitute unfair business conduct or practices because they offend public policy and constitute unscrupulous activities that caused substantial injury to Plaintiff and the Class. The gravity of harm resulting from Defendant's conduct outweighs any potential benefits attributable to the conduct and there were reasonably available alternatives to further Defendant's legitimate business interests.

75. Defendant has engaged in fraudulent business practices by failing to disclose material information regarding the breach of security and Defendant's deficient

security system, the security of the personal information, tax and financial information, social security numbers, and other personal identifying information of Plaintiff and the Class.

76. Defendant had exclusive knowledge of the material information regarding its breach of security and deficient security policies and practices, and regarding the security of the personal information, tax and financial information, social security numbers, and other personal identifying information of Plaintiff and the Class.

77. Defendant also had exclusive knowledge of the amount of time that it compiled and maintained current and former employees' personal information, tax and financial information, and other personal identifying information of current employees and former employees after they were no longer employed with Defendant.

78. Defendant failed to expeditiously notify Plaintiff and the Class and actively concealed the material information it had regarding Defendant's deficient security policies and practices, and regarding the security of the personal information, tax and financial information, social security numbers, and other personal identifying information of Plaintiff and the Class.

79. Plaintiff was misled by Defendant's omissions about Defendant's data security, and Plaintiff reasonably relied upon them to his detriment. But for Defendant's omissions regarding the security of his personal information, Plaintiff would have insisted that his personal information, including private tax and financial information, social security number, and other personal identifying information be more securely protected or removed from Defendant's system. Plaintiff would have also taken additional steps to safeguard his identity and protect himself from the harm that could flow from Defendant's lax security measures. But for Defendant's omissions, Plaintiff would not be subject to the increased

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1  risk of identity theft and harm he is now facing and will continue to face as a

2  result of Defendant's breach.

3  80.  As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent

4  business practices as alleged herein, Plaintiff and the Class have suffered injury

5  in fact.  Plaintiff and the Class have been injured in that their personal

6  information and social security numbers have been compromised by Defendant,

7  subjecting them to a heightened risk of identity theft, identity fraud, and/or

8  Plaintiff and the Class are at risk for future identity theft and fraudulent activity

9  in their name or on their financial accounts.

10  81.  As a result of Defendant's violations of the UCL, Plaintiff and the Class are

11  entitled to injunctive relief, including but not limited to an order that Defendant

12  be required to (1) engage third party security auditors and penetration tests as

13  well as internal security personnel to conduct testing consistent with industry

14  practices, including simulated attacks, penetration tests, and audits on

15  Defendant's systems on a regular basis; (2) engage third party security and

16  internal auditors to run automated security monitoring consistent with industry

17  standards, (3) audit, test, and train security personnel regarding new or modified

18  security procedures; (4) purge, delete, and destroy, in a secure manner,

19  employee data not necessary or required to be maintained for business

20  operations; (5) conduct regular database scanning and checks consistent with

21  industry standards; (6) periodically conduct internal security training and

22  education to inform internal security personnel how to identify and avoid or

23  contain a breach when it occurs and what to do in response to such a breach

24  consistent with prudent industry practices; (7) receive periodic compliance

25  audits by third parties regarding the security of the systems Defendant uses to

26  store consumers' and current or former employees' personal information; (8)

27  meaningfully educate current and former employees about the threats and risks

28  they now face as a result of their personal information, including private tax and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

financial information and social security numbers, being compromised and released to unauthorized third parties. as well as any steps they should take for self-protection; and (9) provide ongoing identity theft protection, credit monitoring, and recovery services to Plaintiff and the Class.

82. Because of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff and the Class are entitled to relief, including but not limited to restitution, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and unfair conduct. Plaintiff also seeks attorneys' fees and costs under applicable law, including California Code of Civil Procedure § 1021.5 and Fed. R. Civ. P. Rule 23.

## COUNT III

### NEGLIGENCE

83. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as if fully set forth herein.

84. Defendant owed a duty to Plaintiff of the Class to exercise reasonable care in obtaining, securing, compiling, safeguarding, deleting and protecting Plaintiff and the Class members' personal information, private tax information, financial information, social security numbers, and other personal identifying information. Thus duty included, among other things, designing, maintaining, and testing Defendant's security systems and taking reasonable security measures to ensure that Plaintiff and the Class' personal information in Defendant's possession was adequately secured and protected. Defendant further owed Plaintiff and the Class a duty to implement measures that would detect a breach of its security system in a timely manner and to expeditiously act upon learning of a breach of security or data breach.

85. Defendant owed a duty to Plaintiff and the Class to provide security measures, including security consistent with industry standards, to ensure that its systems

1   and networks and Defendant's personnel responsible for them, adequately

2   protected the personal information of Plaintiff and the Class.

3   86.   Defendant owed a duty of care to Plaintiff and the Class because they were

4        foreseeable victims of any inadequate security measures or practices.

5        Defendant knew or should have known that it had inadequately safeguarded

6        Plaintiff and other employees' personal information and failed to implement

7        adequate precautionary measures, including ample training, policies, and

8        procedures  to protect Plaintiff and the Class members' personal information,

9        tax and financial information, social security numbers, and other personal

10        identifying information.

11   87.   Defendant owed a duty to expeditiously notify Plaintiff and the Class that their

12        personal information, tax and financial information, social security numbers,

13        and other personal identifying information had been or were reasonably

14        believed to have been compromised.   Prompt disclosure was required,

15        appropriate, and necessary so that, among other things, Plaintiff and the Class

16        members could take measures to avoid identity theft or fraudulent charges,

17        including monitoring their accounts and credit reports for fraudulent activity,

18        contacting their creditors and financial institutions, obtaining credit monitoring

19        and identity theft protection services, filing reports with law enforcement and

20        other governmental agencies, requesting a credit freeze, and other steps to

21        mitigate or ameliorate the damages caused by Defendant compromising

22        Plaintiff and the Class members' personal information.

23   88.   Plaintiff and the Class entrusted Defendant with their personal information,

24        private tax and financial information, and social security numbers, relying on

25        the understanding that Defendant would implement policies and procedures and

26        take measures to protect their personal information and protect Plaintiff and the

27        Class from harm in the event of a data breach.

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

89. Defendant knew or should have known of the inherent risks of collecting and storing employees' personal information, including their private tax information and social security numbers, and the critical importance and requirement to provide adequate security of that information for Plaintiff and the Class.

90. Through its acts and omissions described herein, Defendant unlawfully breached its duty of reasonable care, and its duty under Cal. Civ. Code sections 1798.81.5(b) and 1898.82, to implement security measures to protect the personal information of Plaintiff and the Class members within Defendant's possession and control.  Defendant further breached its duty by failing to expeditiously notify and accurately disclose to Plaintiff and the Class that their personal information, private tax information and social security numbers compiled and maintained by Defendant were known or reasonably believed to have been stolen or compromised.

91. As a direct and proximate result of Defendant's breach of its duties of care, Plaintiff and the Class have been harmed by the unauthorized release of their personal information, private tax information, social security numbers, and other personal identifying information, causing Plaintiff and the Class to spend time and personal funds on credit monitoring services, identity theft services, credit protection services, and putting Plaintiff and the Class at an increased risk of identity theft. Plaintiff and the Class members will further continue to be required to spend time and money to monitor and protect their personal information, identities, tax and financial information, social security numbers, their credit, reputations, and other personal identifying information for the foreseeable future as they will always be at a heightened risk as a result of their personal information being compromised by Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## COUNT IV

### BREACH OF IMPLIED CONTRACT

92. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as if fully set forth herein.

93. Defendant offered employment to Plaintiff and the Class members in exchange for compensation and other employment benefits. To receive said compensation and other employment benefits, Defendant required Plaintiff and the Class members to provide their PII, including names, addresses, Social Security numbers, and other personal information.

94. Defendant had an implied duty of good faith to ensure that the PII of Plaintiff and the Class that Defendant compiled and kept in its possession and control was only used to provide the agreed upon compensation and other employment benefits from Defendant; and that this PII would not be disclosed or released to any unauthorized third parties outside of Defendant.

95. Defendant was required to reasonably safeguard and protect the PII of Plaintiff and the Class members from unauthorized use, and to timely and accurately notify Plaintiff and the Class if their PII was compromised so that Plaintiff and the Class could act to mitigate the harm caused by the unauthorized disclosure or release of their personal information to unknown and unauthorized third parties.

96. Plaintiff and the Class accepted Defendant's employment offer and fully performed their obligations under the implied contract with Defendant by providing their personal information to Defendant, among other obligations.

97. Plaintiff and the Class would not have provided and entrusted their personal information to Defendant in the absence of their implied contract with Defendant, and would have instead retained the opportunity and ability to control their personal information rather than entrusting such personal information with Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

98.   Defendant breached the implied contracts with Plaintiff and the Class by failing to reasonably safeguard and protect Plaintiff and the Class members' personal information by failing to provide expeditious and accurate notice to Plaintiff and the Class that their personal information was compromised as a result of the data breach.

99.   As a proximate and direct result of Defendant's breaches of its implied contracts with Plaintiff and the Class members, Plaintiff and the Class have suffered and will suffer injury, including but not necessarily limited to: (1) the loss of the opportunity and ability to control how their personal information is used; (2) the diminution in the value and/or use of their personal information entrusted to Defendant; (3) the compromise, publication, and/or theft of their personal information; (4) out-of-pocket expenses associated with the prevention, detection, monitoring, protection, and recovery of their personal information from identity theft and/or unauthorized use of their PII, private tax and financial information and accounts; (5) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to efforts spent researching how to prevent, detect, and recover from identity theft and personal data misuse; (6) costs associated with the ability to freely utilize credit and assets frozen or flagged due to credit misuse, including denial of credit and/or increased costs to use credit, credit scores, credit reports, and assets; (7) unauthorized use of compromised PII; (8) tax fraud; (9) the continued risk to Plaintiff and the Class members' PII, which remains in Defendant's possession and are subject to further breaches so long as Defendant fails to undertake reasonable and appropriate measures to protect the PII in its possession; and (10) future costs in terms of time, effort, and expense that will be expended by Plaintiff and the Class to prevent, detect, contest, monitor,

1  protect, and repair the impact of compromised PII as a result of the data breach

2  for the remainder of the lives of Plaintiff and the Class.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays

5  that the Court enter judgment against Defendant as follows:

6  • That this action be certified as a Class Action on behalf of the Class;

7  • That Plaintiff be appointed as the representative of the Class;

8  • That Plaintiff's counsel be appointed as Class Counsel;

9  • That the Court find that Defendant violated the California Customer Records

10  Act, Cal. Civ. Code §§ 1798.80, et seq.;

11  • That the Court find that Defendant violated the California Unfair Competition

12  Law, Cal. Bus. & Prof Code §§ 17200, et seq.;

13  • That the Court find that Defendant is liable for Negligence;

14  • That the Court find that Defendant is liable for Breach of Implied Contract;

15  • That the Court find that Defendant breached its duty to safeguard and protect

16  Plaintiff and the Class members' personal information, including private tax

17  information, social security numbers, and other personal identifying

18  information, that were compromised by the data breach;

19  • That the Court award Plaintiff and the Class relief, including any actual and

20  statutory damages, restitution, and disgorgement;

21  • That the Court award reasonable attorney's fees and costs of prosecuting this

22  action pursuant to California Code of Civil Procedure § 1021.5 and Fed. R.

23  Civ. P. Rule 23;

24  • That the Court award pre-judgment and post-judgment interest as prescribed by

25  law; and

26  • Any and all other relief that this Court may deem just and proper.

27  //

28  //

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### TRIAL BY JURY

61.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: January 17, 2020                 **KAZEROUNI LAW GROUP, APC**

By:   *s/ Abbas Kazerounian*
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
*Attorneys for Plaintiff*